GARFIELD OLIVER AND RICHARD A. SUTTON v. FRED ERNUL, LUZZIE ERNUL AND GRACE STAMPS

No. 723DC246

(Filed 24 May 1972)

1. Easements § 3— way of necessity — judgment on pleadings — summary judgment

Decision of the Supreme Court, based upon plaintiffs' evidence only, did not determine that plaintiffs are entitled to a way of necessity over defendants' land as a matter of law, but only that plaintiffs' evidence was sufficient to be submitted to the jury on that issue, and the trial court erred in allowing plaintiffs' motion for judgment on the pleadings, or for summary judgment, where a factual dispute remains as to whether plaintiffs already have means of access to their property.

2. Rules of Civil Procedure § 12— motion for judgment on pleadings — treatment as motion for summary judgment

When matters outside the pleadings are presented and not excluded by the court on a motion for judgment on the pleadings, the motion should be treated as one for summary judgment under G.S. 1A-1, Rule 56. G.S. 1A-1, Rule 12(c).

**3. Rules of Civil Procedure § 56— motion for summary judgment — insufficiency of supporting evidence — necessity for counter-affidavits**

Where evidentiary matters supporting a motion for summary judgment are insufficient to establish the lack of a triable issue of fact, it is not incumbent upon the opposing party to present counter-affidavits or other material.

APPEAL by defendants from judgment on pleadings entered by *Phillips, District Judge,* 17 November 1971 Session of District Court held in CARTERET County.

Civil action instituted 23 October 1969. Plaintiffs seek an order restraining defendants from obstructing a right-of-way allegedly owned by plaintiffs over defendants' land and requiring them to remove obstructions from the right-of-way. Plaintiffs allege in the alternative that they are entitled to a way of necessity over defendants' land.

The case came on for trial at the 15 December 1969 Session of District Court held in Carteret County. At the close of plaintiffs' evidence, the trial court allowed defendants' motion for nonsuit. This Court reversed, holding that an instrument introduced by plaintiffs was sufficient as a deed creating an easement. *Oliver v. Ernul,* 9 N.C. App. 221, 175 S.E. 2d 618. The decision of this Court was upheld by the Supreme Court, but upon different grounds. The Supreme Court held that the instrument in question was insufficient to create a right-of-way, but that plaintiffs' evidence was sufficient to establish that they have a way of necessity over defendants' land by operation of law. *Oliver v. Ernul,* 277 N.C. 591, 178 S.E. 2d 393. Reference is made to the Supreme Court's opinion for a more thorough statement of the facts.

Before the case came on for retrial, plaintiffs filed a motion for judgment on the pleadings. The motion was allowed and judgment was entered awarding plaintiffs a way of necessity over defendants' land. The judgment ordered Grace Stamps, who is now the sole owner of the servient estate, to select the location of the way on or before 29 November 1971.

*McNeill, Boshamer and Graham by Otho L. Graham for plaintiff appellees.*

*Bennett and McConkey by Thomas S. Bennett for defendant appellants.*

GRAHAM, Judge.

[1] In granting plaintiffs' motion for judgment on the pleadings the District Court obviously interpreted the prior decision of the Supreme Court as having decided, based upon plaintiffs' evidence only, that no dispute exists as to the facts, and that plaintiffs are entitled to a way of necessity over defendants' land as a matter of law. Our interpretation of that decision results in a different conclusion.

This case was before the Supreme Court for a determination as to whether nonsuit was properly entered at the close of plaintiffs' evidence; not for a decision on the merits. It is true the court stated: "Under the circumstances revealed by the record, our cases establish that plaintiffs have a *way of necessity* by operation of law." However, the record which the court refers to is the record proper and plaintiffs' evidence. The question which the court was deciding was whether the plaintiffs' evidence, when accepted as true, was sufficient to be passed upon by a jury. In determining this question, the Supreme Court did not pass upon the credibility of the evidence, nor did it hold that defendants, who have denied plaintiffs' allegations that the property lacks access, are not entitled to present their evidence. We interpret the decision to hold:

1. Evidence presented by the plaintiffs, if found by a jury to be true, is sufficient to establish that on 4 June 1954 defendants Ernul conveyed to plaintiff Oliver, and to the predecessor in title of plaintiff Sutton, two tracts of land to which the grantees had no access except over grantors' other land or the land of strangers. If a jury so finds, plaintiffs have a way of necessity over defendants' land by operation of law.

2. If the plaintiffs have a way of necessity, and if "at the time a way of necessity was impliedly granted on 4 June 1954 there was in use on the land a way plainly visible and known to the parties, 'this way will be held to be the location of the way granted, unless it is not a reasonable and convenient way for both parties.' "

3. If no such way was in use on the land on 4 June 1954, the owner of the servient estate has the right to select the way of necessity, provided he exercises the right in a reasonable manner, with regard to the convenience and suitability of the way and to the rights and interests of plaintiffs.

At the hearing on their motion for judgment on the pleadings, plaintiffs stipulated that they will make no contention as to the location of any way of access existing across defendants' land on 4 June 1954, and that they will permit the present owner of the servient estate to select a location of the way provided she exercises this right in a reasonable manner. This stipulation effectively eliminates a possible jury question as to whether a way, plainly visible and known to the parties, was in existence over defendants' land on 4 June 1954.

The question remains, however: Did defendants Ernul convey to plaintiff Oliver, and the predecessor in title of plaintiff Sutton, land to which the grantees had no access except over grantors' other land or the land of strangers? Plaintiffs' evidence at the first trial obviously tended to show that they did. Defendants deny this fact in their answer and they also allege affirmatively that plaintiffs have means of access by two different roads onto their property. Whether defendants can establish the existence of these roads, and if so, whether the roads provide sufficient access to defeat plaintiffs' claim of a way of necessity, cannot be determined until defendants have been permitted to put on their evidence.

Plaintiffs contend that their motion, although designated a motion for judgment on the pleadings, should be considered as a motion for summary judgment.

[2] "When matters outside the pleadings are presented and not excluded by the court on a motion for judgment on the pleadings, the motion, by the express provisions of G.S. 1A-1, Rule 12(c), shall be treated as one for summary judgment under G.S. 1A-1, Rule 56." *Long v. Coble,* 11 N.C. App. 624, 630, 182 S.E. 2d 234, 238.

[1, 3] Even if we treat the motion as one for summary judgment, it is our opinion that plaintiffs have failed to show that no genuine issue as to any material fact remains. None of the evidence offered at the first trial was offered in support of the motion. The only items considered in support of plaintiffs' motion were the stipulation and the pleadings. The stipulation does not put to rest the issue of whether the property conveyed by defendants Ernul was landlocked. Allegations in the complaint with respect to this are denied in the answer. Where evidentiary matters supporting a motion for summary judgment are insufficient to establish the lack of a triable issue

of fact, it is not incumbent upon the opposing party to present counter-affidavits or other material. *Lineberger v. Insurance Co.*, 12 N.C. App. 135, 182 S.E. 2d 643.

Reversed.

Judges MORRIS and VAUGHN concur.