### J. WOODROW SPARKS v. A. VANCE CHOATE

No. 7423DC435

(Filed 5 June 1974)

**Estoppel § 1— warranty deed — estoppel to claim easement**

    A person who joined in the execution of a general warranty deed without limitation, reservation or exception was estopped to assert a claim of right of way by easement over the land conveyed.

APPEAL by plaintiff from *Osborne, District Court Judge,* 23 January 1974 Session of District Court held in ALLEGHANY County. Argued in the Court of Appeals 15 May 1974.

Plaintiff filed a complaint seeking injunctive relief from defendant's interfering with plaintiff's use of a right of way across defendant's property, and seeking damages in the amount of $500.00.

In his answer, defendant denied the existence of a right of way across his land, pleaded estoppel as a bar to plaintiff's action, and prayed for damages in the amount of $5,050.00.

The trial court concluded that the plaintiff is barred by estoppel by deed to assert a claim of an easement of right of way across defendant's land, and that defendant should receive $100.00 in damages.

Plaintiff appealed to this Court.

    *Edmund I. Adams and Arnold L. Young, for the plaintiff.*

    *Wade E. Vannoy, Jr., and Jimmy D. Reeves, for the defendant.*

BROCK, Chief Judge.

The sole issue is whether the trial court committed error in concluding as a matter of law that a person who joins in the execution of a general warranty deed without limitation, reservation, or exception, is later estopped to assert a claim of right of way over the land conveyed by such deed.

On 10 August 1963, plaintiff and other co-tenants conveyed by a general warranty deed, without exception, a tract of land to Monroe Holloway and wife, Clyde Holloway. On 16 August 1968, defendant acquired by warranty deed without reservation

the same tract conveyed to the Holloways by plaintiff and others in 1963. On 15 June 1970, plaintiff received a deed from Mattie Edwards conveying land originally known as the "Freel Crouse" land which adjoins the land conveyed to the Holloways and subsequently to defendant.

Plaintiff contends his easement of right of way exists by virtue of the reservation of an easement in an 1898 deed which excepts from that tract of land now owned by defendant " . . . a right of way for a road from Freel Crouse's land to the public road at some convenient point."

Plaintiff warranted to defendant's predecessor in title that the land was free and clear of all encumbrances, and that plaintiff would defend title to the tract against the claim of all persons whomsoever. Now, through a conveyance from an independent source, plaintiff is seeking to retain an interest in property which he had heretofore conveyed with full warranty.

In our opinion, the trial court properly concluded as a matter of law that plaintiff is estopped from asserting a claim of an easement of right of way across defendant's land.

Affirmed.

Judges CAMPBELL and BRITT concur.