CLIFFORD M. HARRIS, DAVID T. HAWKS, THOMAS HOULDEN, AND WIFE, MARGARET HOULDEN v. LYDIA GRECO

No. 8321DC885

(Filed 7 August 1984)

1. **Easements § 5.3— easement by necessity—sufficiency of evidence**

   The easement described in the parties' deeds was not express, since it was not described sufficiently to permit identification and location of the easement with reasonable certainty; nor was there an implied easement from prior use since the evidence did not show that, before the dominant and servient tracts of land were separated, the use giving rise to the easement had been so long continued and so obvious or manifest as to show that it was meant to be permanent. However, the evidence did establish an implied easement by necessity since the dominant and servient tracts were previously held in common ownership which was ended by a transfer of part of the land, and as a result of the transfer it became necessary for defendant to have the easement claimed in order to have access to her land.

2. **Easements § 10— easement by necessity—location selected by dominant landowner**

   When an easement is granted in general terms which do not fix its location, the owner of the servient estate has the right to select the location of a way of necessity, but this location must be reasonable with respect to the rights and convenience of the party entitled to the easement; therefore, the trial court did not err in determining that the easement in question should follow a gravel road laid by defendant, owner of the dominant parcel, since evidence showed that the route selected by plaintiffs was not feasible and would involve great expense to defendant; a roadway existed over plaintiffs' land prior to the conveyances to the parties; this roadway was the only way to

cross plaintiffs' property in a vehicle; and defendant placed a load of gravel along the old roadway on plaintiffs' land.

APPEAL by plaintiffs from *Keiger, Judge.* Judgment entered 14 January 1983 in District Court, FORSYTH County. Heard in the Court of Appeals 10 May 1984.

This action raises an issue regarding the location of defendant's easement over plaintiffs' land. We affirm the judgment of the trial court giving defendant an easement over plaintiffs' land and running along a gravel road laid by defendant.

On 1 December 1978 30.1 acres of W. B. Doub's estate were conveyed to plaintiffs. An adjoining 7.1 acres of the estate were conveyed to defendant on the same date. Plaintiffs' recorded deed contains the following language:

The foregoing property is conveyed subject to a temporary 30-foot right-of-way easement for ingress and egress from Balsom Road to the aforementioned 7.1 acre tract (defendant's property) and is to become null and void upon the dedication of a public street from Balsom Road to the said 7.1 acre tract.

Defendant's deed contains the following language:

Together with a temporary 30-foot access easement extending from the above described property across the aforesaid 30.1 acre tract to Balsom Road, said temporary easement to become null and void upon the recording of a dedication or conveyance of a permanent access to foregoing property.

Defendant also owns 10 acres which adjoin her 7.1 acre tract on the north.

On 9 August 1979 plaintiffs submitted a subdivision plan to the City-County Planning Board which contained a road from Balsom Road across plaintiffs' land and stopping approximately 200 to 300 feet from defendant's 7.1 acres. The Planning Board approved plaintiffs' plan on the condition that plaintiffs extend the road to the boundary of defendant's tract. Plaintiffs did not comply, and submitted another plan a year later. In this second plan, plaintiffs showed their property as ending several hundred feet south of defendant's land. The Board approved this plan, and the

road proposed by plaintiffs was dedicated a public street and named Bashavia Drive. It extends from Balsom Road to a point over plaintiffs' land some 200 to 300 feet south of defendant's 7.1 acres.

In October of 1980 defendant placed a truckload of gravel over plaintiffs' land extending in a straight line from the north end of Bashavia Drive to her 7.1 acre tract. A year later plaintiffs initiated this action seeking an order compelling defendant to remove the gravel and restraining her from trespassing upon their land. Plaintiffs also prayed for compensatory and punitive damages.

In her answer defendant alleged that her deed to the 7.1 acres entitled her to an express easement across plaintiffs' property over the gravel road. In the alternative, defendant alleged that she was entitled to an implied easement arising from prior use. Defendant counterclaimed for damages as a result of plaintiffs' interference, harassment and failure to comply with restrictive covenants. Plaintiffs denied defendant's counterclaim in their reply. They admitted that defendant was entitled to an easement over their land, but alleged that they were the proper parties to determine its location.

After the evidence was submitted to the court, sitting without a jury, defendant was allowed to amend her answer to conform to the evidence. In her amended answer she elaborated upon her claim to an implied easement from prior use. She also alleged the alternative claim to an implied easement arising by necessity over the gravel road.

The trial court entered judgment decreeing that defendant was entitled to a temporary easement running from her 7.1 acre tract across plaintiffs' land to Balsom Road. The court specifically described defendant's easement as beginning where Bashavia Drive intersects with Balsom Road and continuing along Bashavia Drive and the gravel driveway laid by defendant to the southern boundary of defendant's 7.1 acre tract until there is a dedication of a public street all the way from Balsom Road to defendant's property.

*Bailey and Thomas, by George S. Thomas and James A. Gallaher, for plaintiff appellants.*

*White and Crumpler, by G. Edgar Parker, Daniel E. O'Toole and Randolph M. James, for defendant appellee.*

ARNOLD, Judge.

In the judgment describing defendant's easement, the trial court made the following findings of fact:

VIII. George Phillips, a Winston-Salem attorney, was the Executor of an estate which owned plaintiffs' and defendant's above described tracts of land (with the exception of the 10 acre tract of land owned by the defendant). George Phillips, as Executor, was a common grantor to plaintiffs and defendant of the above described two tracts of land. George Phillips testified that a roadway or pathway for vehicles existed prior to the land being severed and that said roadway or pathway extended from Balsom Road north over the property of the plaintiffs and continued north through the property of defendant. George Phillips further testified that the said pathway or roadway was the only feasible method of traversing the property in a vehicle and that he had used the said roadway or pathway every time he had gone across the property. He further testified that it was the intent in drafting the deeds in question (which he drafted) that the defendant have a 30-foot easement from her property in a southerly direction to Balsom Road across the property of the plaintiffs and that the easement would not terminate until there was a dedication of a public street from Balsom Road all the way to defendant's 7.1 acre tract of land. He further testified that it was the intention of the parties at the time of the drafting of the deeds that defendant's 30-foot easement would be at the location of the roadway or pathway.

IX. Defendant testified that in October, 1980, she placed one truckload of gravel on the land of the plaintiffs over what she testified to be the old pathway or roadway. The gravel which defendant placed on the property of the plaintiffs extended from the above mentioned dedicated street (Bashavia Drive) to defendant's 7.1 acre tract in a straight line. George Phillips testified that the gravel placed by the defendant was

approximately along the old roadway or pathway. Defendant also testified that a roadway extends from the southern boundary of her 7.1 acre tract of land in a northerly direction and in a straight line to two gate posts located in the northern property line of defendant's 7.1 acre tract and in the southern property line of defendant's 10 acre tract and that the roadway had existed for years. Defendant testified that the gravel which she placed across the property of the plaintiffs is in an approximate straight line from the above described roadway extending across defendant's 7.1 acre tract to the public street dedicated by the plaintiffs and that the distance of the gravel is approximately 200 to 300 feet. Defendant testified that she felt that she had no choice as to the location of her easement and as to the placing of the gravel.

X. Plaintiff, Clifford M. Harris, testified that approximately two weeks after defendant placed the gravel across the land of the plaintiffs, he placed a "no trespass" sign in the middle of the path. Defendant immediately removed the "no trespass" sign. Plaintiffs made no further objection to the gravel roadway of the defendant until the filing of this lawsuit on November 13, 1981, except for a suggestion of an alternative route to be used by the defendant. All of the parties testified that defendant has continued to travel across the gravel roadway since the placing of the gravel on the roadway. Defendant testified that the pathway along which the defendant laid the gravel is the shortest route from her property to the dedicated road (Bashavia Drive), is located on a high point of land, and is the most convenient and direct route to the road. There was evidence by plaintiffs and defendant that the land to the west of the gravel road slopes downward to the property of the defendant, but there was conflicting evidence as to the degree of the slope and whether there were any trees or obstacles in that area. The plaintiffs suggested an alternative route to the defendant which route would have been an L shaped road proceeding west from the northern point of Bashavia Drive (the dedicated street) to approximately the western boundary line of the plaintiffs' property and then in a northerly direction to the defendant's property. Defendant and her son testified

that the alternate route was not feasible, would involve a great expense, was a much longer route, and that the gravel had already been placed and the road was already being used.

XI. Defendant testified that at no time did the plaintiffs offer any specific easement to her other than on one occasion in 1980 suggesting to her an alternative route.

. . . .

XIII. The defendant is entitled to a 30-foot wide easement from defendant's southern boundary line (of her 7.1 acres tract) across the above described 30.1 acre tract of the plaintiffs) to Balsom Road as hereinafter more particularly described in the Judgment, and defendant is entitled to said easement until there is a dedication of a public street all the way from Balsom Road to defendant's above described 7.1 acre tract.

Plaintiffs have assigned error to findings of fact XI and XIII and to bracketed portions of these remaining findings of fact on grounds that they are not supported by the evidence. We agree that there is no evidence in the record to support the last sentences in findings of fact VIII and X. However, since the remaining findings of fact are supported by ample evidence, and, in turn, support defendant's entitlement to the particularly described easement, plaintiffs were not prejudiced.

[1] Plaintiffs next argue that it was error for the trial court to enter the judgment entitling defendant to the described easement, because the facts do not support an express easement, an implied easment from prior use or an implied easement by necessity. We agree that the easement described in the parties' deeds is not express, because it is not "sufficiently certain to permit the identification and location of the easement with reasonable certainty." *Adams v. Severt*, 40 N.C. App. 247, 249, 252 S.E. 2d 276, 278 (1979). The description does not furnish any means by which the location of the proposed easement may be ascertained.

There also appears to be insufficient evidence to support an implied easement from prior use, also referred to as quasi-easement. One of the requirements of this easement is that before the dominant and servient tracts of land were separated, the use giv-

ing rise to the easement shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent. *See Dorman v. Ranch, Inc.*, 6 N.C. App. 497, 170 S.E. 2d 509 (1969), and Glenn, *Implied Easements in the North Carolina Courts: An Essay on the Meaning of "Necessary,"* 58 N.C. L. Rev. 223 (1980). The evidence in the case on appeal does not meet this requirement. It, instead, establishes an implied easement by necessity beginning on plaintiffs' property where Bashavia Drive intersects Balsom and running northward across plaintiffs' tract along the gravel road to the southern boundary of defendant's land.

An easement by necessity is implied on proof of two elements:

> first, that the claimed dominant parcel and the claimed servient parcel were held in a common ownership that was ended by a transfer of part of the land; and second, that as a result of the land transfer it became "necessary" for the claimant to have the easement.

*Id.* at 225.

Our Supreme Court set out principles governing implied easements by necessity in *Oliver v. Ernul*, 277 N.C. 591, 178 S.E. 2d 393 (1971), *reversed on other grounds*, 14 N.C. App. 540, 188 S.E. 2d 679 (1972).

> "[I]t is not necessary that the person over whose land the way of necessity is sought be the immediate grantor, so long as there was at one time common ownership of both tracts." (Citation omitted.) Furthermore, to establish the right to use the way of necessity, it is not necessary to show absolute necessity. It is sufficient to show such physical conditions and such use as would reasonably lead one to believe that the grantor intended the grantee should have the right of access. (Citation omitted.)

*Id.* at 599, 178 S.E. 2d at 397.

When these principles are applied to the facts before us, we hold that the trial court properly found that the parties' common grantor conveyed their respective tracts with the intent to grant

defendant an easement over plaintiffs' land; and that this easement should follow the gravel road laid by defendant.

[2]   Plaintiffs correctly argue that when an easement is granted in general terms which do not fix its location, the owner of the servient estate has the right to select the location of a way of necessity. This location must be reasonable with respect to the rights and convenience of the party entitled to the easement. 25 Am. Jur. 2d, Easements and Licenses § 68 (1966). Both defendant and her son testified that the route selected by plaintiffs was not feasible and that it would involve a great expense to defendant. A common grantor of the parties' land testified that a roadway existed prior to the conveyances to the parties; that this roadway extended from Balsom Road north over plaintiffs' property and continued through defendant's property; that this roadway was the only way to cross plaintiffs' property in a vehicle and that he had used the road every time he travelled across the property. Defendant testified that in October of 1980 she placed a load of gravel extending from Bashavia Drive northward along the old roadway on plaintiffs' land.

Since plaintiffs' alternate route was not feasible to defendant and since there was evidence that the gravel road was the only way to reach defendant's land by vehicle from the public road, the judgment entitling defendant to a temporary easement over the gravel road is affirmed.

Plaintiffs' final assignment of error involves the trial court's exclusion of defendant's answer to a question posed during re-cross-examination. "When evidence is excluded, the record must sufficiently show what the purport of the evidence would have been, or the propriety of the exclusion will not be reviewed on appeal." 1 Brandis on North Carolina Evidence § 26 (2nd rev. ed. 1982). Since the answer which defendant would have given was not placed in the record, plaintiffs' assigned error will not be considered on appeal.

Affirmed.

Judges HEDRICK and PHILLIPS concur.