EDWARD J. CIESZKO AND WIFE, SUSIE M. CIESZKO, PLAINTIFFS v. ROBERT STEVEN CLARK AND WIFE, GAIL M. CLARK; ROBERT L. CLARK AND WIFE, STELLA R. CLARK, DEFENDANTS

No. 883SC560

(Filed 20 December 1988)

1. **Appeal and Error § 24— summary judgment—appropriateness on grounds not stated—cross-assignments not required**

Defendant appellees were not required to cross-assign error to the trial court's conclusions pursuant to Appellate Rule 10(d) in order to argue on ap-

Cieszko v. Clark

peal that summary judgment in their favor was appropriate on grounds other than those stated by the trial court.

2. **Limitation of Actions § 12.1; Rules of Civil Procedure § 41.1— voluntary dismissal—reinstitution after more than year—statute of limitations not expired**

Plaintiffs' failure to reinstitute this action within one year of a voluntary dismissal under N.C.G.S. § 1A-1, Rule 41(a) did not bar the action where the general statute of limitation has not expired.

3. **Easements § 5— easement by necessity in favor of grantor**

The law of this State will imply an easement by necessity in favor of a grantor over the land of a grantee where the conveyance leaves the grantor with no other suitable access to the retained lands, and the right to such an easement is not waived because the grantor conveyed by warranty deed without reservation.

4. **Easements § 5.3— easement by necessity—sufficiency of complaint**

Plaintiff grantors' complaint adequately alleged the two essential elements to support an easement by necessity: (1) the claimed dominant tract and the claimed subservient tract were once held in common ownership that was severed by a conveyance, and (2) the necessity for the easement arose out of the conveyance.

5. **Easements § 5; Equity § 2.2— easement by necessity—laches**

A claim for an easement by necessity may be barred by the doctrine of laches.

6. **Rules of Civil Procedure § 56.5— summary judgment—findings supported by evidence**

Findings of fact to support summary judgment will be disregarded on appeal if not supported by evidence in the record, and a party cannot cure its failure to submit appropriate proof by requesting findings based upon arguments to the trial court.

7. **Equity § 2— laches—reasonableness of delay—prejudice—issues of fact**

The evidence in a summary judgment hearing presented issues of fact as to whether plaintiffs' delay in bringing an action to establish an easement by necessity was unreasonable and whether defendants were prejudiced by the delay where the evidence showed that plaintiffs filed an action in August 1983 to establish an easement by necessity over land they conveyed to defendants in 1974; plaintiffs presented evidence that they did not know of the basis for their claim until 1981 when defendants began to develop their property and had a ditch dug across plaintiffs' prior easement; and plaintiffs also presented evidence that they may be able to obtain access to their land with very little disruption of defendants' development because the path of the easement is located in the center of a street shown on the map of defendants' subdivision.

APPEAL by plaintiffs from *Phillips (Herbert O., III), Judge.* Order entered 10 February 1988 in Superior Court, CRAVEN County. Heard in the Court of Appeals 8 December 1988.

Plaintiffs and defendants own adjoining tracts of land in Craven County. Plaintiffs obtained title to their tract by deed dated 14 May 1964. That deed included a grant of an easement over lands now owned by defendants; the easement provided plaintiffs with access to a public road. By warranty deed dated 22 July 1974, plaintiffs conveyed to defendants and their predecessors in title two parcels of land for the purpose of straightening the boundary between the properties. Part of the subject easement was within the boundaries of one of these parcels. Because the deed contained no reservation or exception for the easement, the conveyance had the effect of cutting off plaintiffs' access to the easement and the public road.

In August 1983, plaintiffs filed an action to gain an easement over the land they had conveyed in 1974. Plaintiffs voluntarily dismissed that action on 26 October 1984. On 11 March 1987, plaintiffs filed the complaint in this action and a notice of lis pendens. Plaintiffs' complaint alleges that, as a result of the conveyance in 1974, they have no access to a public road and they are entitled, therefore, to an easement by necessity over defendants' land. Defendants answered and moved for summary judgment. After a hearing on the motion, the trial court concluded that plaintiffs' action was barred under the doctrine of laches. From the order granting defendants' motion for summary judgment, plaintiffs appeal.

*Nelson W. Taylor, III, by Nelson W. Taylor, III and Robert L. Cummings, for plaintiff-appellants.*

*Lee, Hancock, Lasitter & King, by Moses D. Lasitter, for defendant-appellees.*

PARKER, Judge.

As a preliminary matter, we find it necessary to clarify the scope of our review in this appeal. Plaintiffs bring forward nine assignments of error, many of which are directed to findings of fact and conclusions of law made by the trial court in support of its order. The entry of summary judgment presupposes that there

are no issues of material fact; so findings of fact are not required. *Insurance Agency v. Leasing Corp.*, 26 N.C. App. 138, 142, 215 S.E. 2d 162, 165 (1975). Nevertheless, it may be helpful in some cases for the trial court to summarize the undisputed facts which justify its order. *Id.* If findings of fact are needed to resolve a material issue, however, summary judgment is improper and any such findings are disregarded on appeal. *Id.* Accordingly, we must determine whether the trial court's order is supported by the undisputed facts as they appear in the record without regard to the trial court's findings of fact.

[1] In addition to its findings of fact, the trial court made conclusions of law which show that its decision was based upon the doctrine of laches. In their brief, defendants argue that other grounds existed to justify summary judgment in their favor. Plaintiffs have filed a reply brief in which they contend that defendants have not properly raised the issue of whether alternate grounds to support summary judgment exist because defendants have not cross-assigned error to the trial court's conclusions as required by Rule 10(d) of the North Carolina Rules of Appellate Procedure. Plaintiffs argue that the scope of review on this appeal is limited to a determination of whether summary judgment was appropriate on the grounds stated by the trial court. We disagree.

In *Ellis v. Williams*, 319 N.C. 413, 355 S.E. 2d 479 (1987), our Supreme Court held that a party appealing from the entry of summary judgment is not required to list exceptions and assignments of error in the record on appeal. The Court reasoned as follows:

> Thus, although the enumeration of findings of fact and conclusions of law is technically unnecessary and generally inadvisable in summary judgment cases, . . . summary judgment, by definition, is always based on two underlying questions of law: (1) whether there is a genuine issue of material fact and (2) whether the moving party is entitled to judgment . . . .
>
> . . . Exceptions and assignments of error are required in most instances because they aid in sifting through the trial court record and fixing the potential scope of appellate review. *See* Commentary, Drafting Committee Note, N.C.R. App. R. 10(a). We note that the appellate court must carefully

examine the *entire record* in reviewing a grant of summary judgment. . . . Because this is so, no preliminary "sifting" of the type contemplated by [Rule 10(a)] need be performed. Also, as previously observed, the potential scope of review is already fixed; it is limited to the two questions of law automatically raised by summary judgment.

*Ellis v. Williams*, 319 N.C. at 415-16, 355 S.E. 2d at 481 (citations omitted). We are of the opinion that the Court's reasoning in *Ellis* is applicable to Rule 10(d) as well as Rule 10(a). It would be incongruous to require an appellee to list cross-assignments of error when the appellant is not required to list assignments of error. Furthermore, trial courts generally do not specify the grounds for summary judgment. Thus, appellees are generally free to argue on appeal any ground to support the judgment. We shall not limit the scope of review on this appeal merely because the trial court specified the grounds for its decision.

In accordance with the Supreme Court's decision in *Ellis*, we must now determine whether, based upon the record before us, the trial court could have properly concluded that (i) no genuine issue of material fact exists and (ii) defendants are entitled to judgment as a matter of law.

[2] We first consider defendants' arguments concerning the alternate grounds to support the judgment. Defendants first argue that summary judgment was proper because, after voluntarily dismissing their first action in 1984, plaintiffs failed to bring their second action within one year of the dismissal. This argument is without merit. Rule 41(a) of the North Carolina Rules of Civil Procedure provides that, following a voluntary dismissal without prejudice, "a new action based on the same claim *may* be commenced within one year after such dismissal . . . ." (Emphasis added.) This Court has held that Rule 41(a) may extend the general statute of limitation but does not limit the time in which a second action may be brought when the general statute of limitation has not expired. *Whitehurst v. Transportation Co.*, 19 N.C. App. 352, 198 S.E. 2d 741 (1973). Plaintiffs' action is not barred by any statute of limitation; therefore, the failure to reinstitute the action within one year of the prior dismissal does not bar the action.

Defendants next contend that plaintiffs are estopped from claiming an easement over land which they themselves conveyed by warranty deed without reservation. In *Sparks v. Choate*, 22 N.C. App. 62, 205 S.E. 2d 624, *cert. denied*, 285 N.C. 662, 207 S.E. 2d 762 (1974), this Court held that one who conveys land by warranty deed without reservation is thereafter estopped from claiming an easement over the land. In *Sparks*, however, the plaintiff's claim was based upon a reservation in a prior deed. The present case is distinguishable because plaintiffs are claiming an easement by necessity.

An easement by necessity is an easement implied by law under certain circumstances. *See Smith v. Moore*, 254 N.C. 186, 190, 118 S.E. 2d 436, 438 (1961). Such easements are most commonly implied in favor of grantees who have no access to their land except over other lands owned by the grantor or a stranger; the law will imply an easement over the grantor's land in such a situation. *See id.; Oliver v. Ernul*, 277 N.C. 591, 599, 178 S.E. 2d 393, 397 (1971). The circumstances of the present case present the converse situation: the grantors' only access to their land is over the land of the grantees.

A majority of jurisdictions will imply an easement over the land of a grantee in favor of a grantor where the conveyance leaves the grantor with no other suitable access to the retained lands. 2 G. Thompson, Real Property § 362 (repl. ed. 1980). The right to such an easement is not waived merely because the land was conveyed by warranty deed. *Id.* at 392. Although our courts have not explicitly recognized a grantor's right to an implied easement by necessity, the existence of such a right is strongly supported by prior case law. In *Blankenship v. Dowtin*, 191 N.C. 790, 133 S.E. 199 (1926), the Court quoted with approval from J. Gould, Gould on Waters § 354 (3d ed. 1900):

> "The general rules relating to severance of tenements are that a grant by the owner of a tenement or part of that tenement, as it is then used and enjoyed, passes to the grantee by implication . . . all those easements which the grantor can convey, which are necessary to the reasonable enjoyment of the granted property . . . and that, *except in the case of ways or easements of necessity,* there is no corresponding implication in favor of the grantor . . . ."

*Blankenship*, 191 N.C. at 793-94, 133 S.E. at 201 (emphasis added). *See also Goldstein v. Trust Co.*, 241 N.C. 583, 588, 86 S.E. 2d 84, 87-88 (1955) (quoting *Blankenship, supra*). In *Herndon v. R.R.*, 161 N.C. 650, 77 S.E. 683 (1913), the plaintiff had granted a right of way to a railroad which divided the plaintiff's lands. The plaintiff brought suit to enforce his right to an underpass providing access from one side of his property to the other. Although the Court decided the case on other grounds, it noted the merit in plaintiff's claim for an implied easement. *Herndon v. R.R.*, 161 N.C. at 657, 77 S.E. at 686. In a concurring opinion, Chief Justice Clark explicitly recognized the grantor's right to an implied easement by necessity:

> If a railroad splits a farm open, whether it acquires its right of way by condemnation or by conveyance, the owner has a reservation, without express words, from necessity and by implication of law. Such passways are necessary to preserve the proper use and enjoyment of the land. The law presumes that a vendor did not intend to convey a portion of his land in such a way as to deprive himself of full use of the remainder.

*Id.* at 658, 77 S.E. at 686 (Clark, C.J., concurring).

[3] On the weight of the above-cited authority, we hold that, under the appropriate circumstances, the law of this State will imply an easement by necessity in favor of a grantor. Accordingly, plaintiffs in this case are not estopped to claim such an easement over defendants' lands.

[4] Having established that plaintiffs are not estopped to claim an implied easement by necessity, we also hold that their complaint adequately alleges the two essential elements to support such an easement: (i) the claimed dominant tract and the claimed subservient tract were once held in common ownership that was severed by a conveyance and (ii) the necessity for the easement arose out of the conveyance. *Harris v. Greco*, 69 N.C. App. 739, 745, 318 S.E. 2d 335, 339 (1984). As the party moving for summary judgment, defendants carried the burden to establish the lack of any triable issue of fact and their entitlement to judgment as a matter of law. *Vassey v. Burch*, 301 N.C. 68, 72, 269 S.E. 2d 137, 140 (1980). Defendants presented no evidence to negate the essential elements of plaintiffs' claim.

The only question remaining for our consideration is whether defendants are entitled to summary judgment on the grounds that plaintiffs' claim is barred under the doctrine of laches. Laches is an affirmative defense that must be pled, and the burden of proof is upon the party who pleads it. *Taylor v. City of Raleigh*, 290 N.C. 608, 622, 227 S.E. 2d 576, 584 (1976). The defense of laches will bar a claim when the plaintiff's delay in seeking a known remedy or right has resulted in a change of condition which would make it unjust to allow the plaintiff to prosecute the claim. *Id.* Defendants in this case properly raised the defense in their answer. They contend that plaintiffs' claim is barred because the conveyance giving rise to the claim occurred in 1974 and, since that time, defendants have begun to develop their land as a residential subdivision.

[5] Plaintiffs contend that laches may not be asserted as a bar to a claim for an easement by necessity. We do not accept this contention. Easements by necessity cannot be lost through mere misuse over a period of time. 2 G. Thompson, Real Property § 368, at 429 (repl. ed. 1980). The doctrine of laches, however, is not based upon mere passage of time; it will not bar a claim unless the delay is (i) unreasonable and (ii) injurious or prejudicial to the party asserting the defense. *Taylor v. City of Raleigh*, 290 N.C. at 622-23, 227 S.E. 2d at 584-85. Whether a delay constitutes laches depends upon the facts and circumstances of each case. *Teachey v. Gurley*, 214 N.C. 288, 294, 199 S.E. 83, 88 (1938). Therefore, we decline to hold that laches may never bar a claim for an easement by necessity. Nevertheless, we do hold that defendants in this case have not met their burden to prove that plaintiffs' claim is barred as a matter of law.

[6] We first note that, although defendants bore the burden of proof both on their motion for summary judgment and on the defense of laches, defendants' only proof appearing of record is the affidavit of their attorney concerning plaintiffs' prior action. The trial court made findings of fact concerning the extent to which defendants have developed their land and certain other matters which are not supported by evidence in the record. Defendants argue in their brief that these findings should be taken as true because they are based on "uncontroverted statements made to the court in argument on summary judgment." This argument is completely without merit. Facts required to support sum-

mary judgment must be established by pleadings, depositions, answers to interrogatories, admissions or affidavits. Rule 56(c), N.C. Rules Civ. Proc. As we have already stated, findings of fact to support summary judgment will be disregarded on appeal if not supported by evidence in the record. Defendants cannot cure their failure to submit appropriate proof by requesting findings based upon their arguments to the trial court.

[7] In opposition to defendants' motion for summary judgment, plaintiffs submitted the affidavit of plaintiff Edward Cieszko. Mr. Cieszko averred that plaintiffs conveyed the lands in 1974 pursuant to the request of defendants and their predecessors to straighten the boundary between the properties; that the deeds were prepared by the grantees; that defendants began developing their property in 1981, at which time a ditch was dug across the path of the easement; and that plaintiffs did not realize that their easement had been cut off until 1981. In determining whether a delay constitutes laches, the court must consider whether the claimant knew of the existence of the grounds for the claim and whether the defendant had knowledge of the claim. *McRorie v. Query*, 32 N.C. App. 311, 323, 232 S.E. 2d 312, 320, *disc. rev. denied*, 292 N.C. 641, 235 S.E. 2d 62 (1977). Here, plaintiffs have offered evidence to show that they did not know of the grounds for their claim until 1981. Defendants had notice of plaintiffs' claim at least as early as 1983, when plaintiffs filed their first action. Plaintiffs' evidence also shows that defendants did not begin developing their land until 1981. Thus, the change of conditions required to support a defense of laches did not exist until that time, and any prejudice to defendants must have occurred, if at all, between 1981 and 1983.

Furthermore, Mr. Cieszko averred that the path of the easement is located on the center of a street shown on the map of defendants' subdivision. Therefore, plaintiffs may be able to obtain access to their land with very little disruption of defendants' development. Under these circumstances, issues of fact remain as to whether plaintiffs' delay in bringing this action was unreasonable and whether defendants were prejudiced by the delay. Accordingly, the trial court erred in granting defendants' motion for summary judgment.

For the foregoing reasons, the trial court's order of summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges EAGLES and SMITH concur.