J.A. WHITFIELD, Plaintiff v. R. FARRELL TODD, Defendant

No. 9415SC212

(Filed 6 September 1994)

1. **Jury § 10 (NCI4th)— jury trial—failure to make timely demand**

    Pursuant to N.C.G.S. § 1A-1, Rule 38(d), defendant's failure to timely demand a jury trial constituted a waiver by him of jury trial of right, and the denial of a belated demand for a jury trial is within the discretion of the trial court.

    **Am Jur 2d, Jury §§ 57 et seq.**

2. **Easements § 60 (NCI4th)— easement by necessity—sufficiency of evidence**

    The evidence was sufficient to support the trial court's findings that plaintiff's and defendant's tracts were once held in common ownership that was severed by conveyance and that, as a result of the conveyance, plaintiff had no access to a public highway except over defendant's property, and these findings in turn supported the trial court's conclusion that, despite the permissive use of a right-of-way by plaintiff over defendant's land, he was entitled to an easement by necessity.

    **Am Jur 2d, Easements and Licenses §§ 34 et seq.**

WHITFIELD v. TODD

[116 N.C. App. 335 (1994)]

Appeal by defendant from judgment entered 16 December 1993 by Judge Anthony M. Brannon in Alamance County Superior Court. Heard in the Court of Appeals 22 August 1994.

On 5 December 1991, plaintiff filed a complaint seeking an easement by necessity over the land of defendant. Defendant filed an answer on 14 February 1992. On 12 January 1993, plaintiff filed a request for a jury trial. On 13 January 1993, the trial court denied defendant's request for a jury trial. A subsequent request for a jury trial was also denied.

Following trial without jury held on 13 July 1993, the trial court entered judgment on 16 December 1993 finding as facts, *inter alia*, the following: that plaintiff and his wife sold to defendant approximately fourteen acres of a tract of land in 1978; that the tract of land retained by plaintiff was landlocked and had no access to a public road except over the tract owned by defendant; and that defendant had given plaintiff permission to use a road over his property for ingress and egress. Based upon the findings of fact, the trial court concluded as a matter of law that even though plaintiff has a permissive right-of-way over defendant's property, he is entitled to an easement by necessity in order to have access to a public highway and that plaintiff has established the required elements of such an easement. Based upon its conclusions of law, the trial court granted an easement by necessity to plaintiff. Defendant appeals.

*Davis & Humbert, by Meg Scott Phipps, for plaintiff-appellee.*

*R. Farrell Todd, defendant-appellant, pro se.*

MARTIN, Judge.

We note at the outset that plaintiff has filed in this Court a motion to dismiss defendant's appeal. As grounds for the motion, plaintiff contends the following: that defendant (1) failed to provide adequate security for the costs of the appeal; (2) failed to timely contract with the court reporter for production of a transcript; (3) failed to timely serve a properly constituted proposed record on appeal; (4) filed a record on appeal in this Court that violates the Rules of Appellate Procedure; and (5) filed a record on appeal in this Court that was not settled.

Plaintiff further notes that a motion to dismiss defendant's appeal was filed in the trial court on 18 February 1994. On 25 February 1994,

WHITFIELD v. TODD

[116 N.C. App. 335 (1994)]

defendant filed a record on appeal in this Court. By order dated 24 March 1994, the trial court purported to dismiss defendant's appeal.

Our courts have consistently held that "[t]he general rule is that an appeal takes the case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the trial judge is *functus officio*." *Estrada v. Jaques*, 70 N.C. App. 627, 637, 321 S.E.2d 240, 247 (1984). Our Supreme Court has stated that this "longstanding general rule" in civil cases is subject to two exceptions and one qualification:

> The exceptions are that notwithstanding the pendency of an appeal the trial judge retains jurisdiction over the cause (1) during the session in which the judgment appealed from was rendered and (2) for the purpose of settling the case on appeal. The qualification to the general rule is that "the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned" and thereby regain jurisdiction of the cause.

*Bowen v. Motor Co.*, 292 N.C. 633, 635-36, 234 S.E.2d 748, 749 (1977), quoting *Machine Co. v. Dixon*, 260 N.C. 732, 735-36, 133 S.E.2d 659, 662 (1963). Neither of the exceptions noted in *Bowen* are applicable in this case.

The qualification that an appeal may be dismissed when adjudged abandoned has been further codified by N.C.R. App. P. 25(a) which provides that after notice of appeal has been given but prior to the "filing of an appeal in an appellate court" a trial court may dismiss an appeal on motion of any party if "the appellant shall fail within the times allowed . . . to take any action required to present the appeal for decision . . . ." Rule 25(a) further provides that "after an appeal has been docketed in an appellate court motions to dismiss are made to that court."

Plaintiff in this case properly filed a motion to dismiss the appeal in the trial court pursuant to Rule 25(a) prior to the filing of a record on appeal in this Court. Because the trial court had not ruled upon that motion to dismiss, plaintiff also properly filed a motion to dismiss in this Court pursuant to Rule 25(a) after the record on appeal was docketed. This Court then had jurisdiction to rule upon the motion to dismiss, and the trial court could not have concurrent jurisdiction over the matter. Because the trial court lacked jurisdiction to rule upon the motion to dismiss, the trial court's order entered 24 March 1994 is null and void and has no bearing on this Court's disposition of the motion to dismiss filed in this Court.

It appears from an examination of this Court's file that defendant has provided adequate security for the costs of this appeal. Defendant disputes plaintiff's assertions that he failed to timely contract with the court reporter for production of the transcript, that he failed to timely serve a properly constituted proposed record on appeal, and that he filed a record on appeal in this Court that was not settled.

However, defendant cannot dispute that the record on appeal and the brief filed by him in this Court violate numerous Rules of Appellate Procedure. Because of these violations, defendant's appeal is subject to dismissal. *See Wiseman v. Wiseman*, 68 N.C. App. 252, 314 S.E.2d 566 (1984). Rather than dismiss the appeal, we have, in our discretion, considered defendant's arguments pursuant to N.C.R. App. P. 2.

[1] Defendant argues that the trial court erred by denying his request for a jury trial. N.C. Gen. Stat. § 1A-1, Rule 38(b) addresses jury trial of right:

(b) *Demand.*—Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be made in the pleading of the party or endorsed on the pleading.

On 12 January 1993, defendant first requested a jury trial. The request was filed almost eleven months after defendant served his answer, the last pleading filed in this case. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 38(d), defendant's failure to timely demand a jury trial constituted a waiver by him of jury trial of right. Furthermore, the denial of a belated demand for a jury trial is within the discretion of the trial court. *Arney v. Arney*, 71 N.C. App. 218, 321 S.E.2d 472 (1984), *disc. review denied*, 313 N.C. 173, 326 S.E.2d 31 (1985). Defendant has failed to show that the trial court abused its discretion in any way by denying his belated requests for a jury trial.

[2] Defendant also argues that the trial court erred by entering an order granting plaintiff an easement by necessity. Where the trial court sits as trier of facts, the trial court must (1) find the facts on all issues joined in the pleadings, (2) declare the conclusions of law arising on the facts found, and (3) enter judgment accordingly. *Coggins v. City of Asheville*, 278 N.C. 428, 180 S.E.2d 149 (1971). The trial court's findings of fact are conclusive on appeal if they are supported

**WHITFIELD v. TODD**

[116 N.C. App. 335 (1994)]

by competent evidence. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E.2d 368 (1975). If the findings of fact are supported by competent evidence, they must in turn support the conclusions of law made by the trial court. *See Coble v. Coble*, 300 N.C. 708, 268 S.E.2d 185 (1980).

The law of this State will imply an easement by necessity in favor of a grantor under appropriate circumstances. *Cieszko v. Clark*, 92 N.C. App. 290, 374 S.E.2d 456 (1988). Such an implied easement arises when the party seeking the easement proves the essential elements of an easement by necessity: "(i) the claimed dominant tract and the claimed subservient tract were once held in common ownership that was severed by a conveyance and (ii) the necessity for the easement arose out of the conveyance." *Id.* at 296, 374 S.E.2d at 460. Although a plaintiff may have a permissive right-of-way to a public highway, a plaintiff who has no legally enforceable right-of-way to a public highway may be entitled to an easement by necessity. *Wilson v. Smith*, 18 N.C. App. 414, 197 S.E.2d 23, *cert. denied*, 284 N.C. 125, 199 S.E.2d 664 (1973).

In this case, the evidence presented supports the trial court's findings that plaintiff's and defendant's tracts were once held in common ownership that was severed by conveyance and that as a result of the conveyance, plaintiff has no access to a public highway except over defendant's property. These findings in turn support the trial court's conclusion that despite the permissive use of the right-of-way by plaintiff, he is entitled to an easement by necessity. The conclusion supports the trial court's entry of a judgment granting plaintiff an easement by necessity.

We have examined defendant's remaining arguments, and find them all to be without merit. The judgment of the trial court is affirmed.

Affirmed.

Chief Judge ARNOLD and Judge GREENE concur.