Carter v. Clements Walker PLLC, 2014 NCBC 12.

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
08 CVS 4333

RONALD CARTER,

        Plaintiff,

    v.

CLEMENTS WALKER PLLC, a North
Carolina professional limited liability
company;
F. RHETT BROCKINGTON, an
individual; and
RALPH H. DOUGHERTY, an individual;

        Defendants.

**ORDER**

{1}    THIS MATTER is before the court on Defendants' Motions to Dismiss Appeal ("Motions") brought under North Carolina Rule of Appellate Procedure ("Appellate Rule(s)") 25. After consideration of the Motions, briefs, exhibits submitted with the Motions, and other matters of record, the court determines that Defendants' Motions should be GRANTED and FINDS and CONCLUDES as follows:

    *Harrington Law, P.C. by James M. Harrington for Plaintiff Ronald Carter.*

    *Poyner & Spruill LLP by Cynthia L. Van Horne and E. Fitzgerald Parnell, III for Defendants Clements Walker PLLC and F. Rhett Brockington.*

    *James, McElroy & Diehl, P.A. by John S. Arrowood and Edward T. Hinson, Jr. for Defendant Ralph H. Dougherty.*

Gale, Judge.

## I.    INTRODUCTION

{2}    Plaintiff seeks to appeal from the court's Order and Opinion granting summary judgment for Defendants on Plaintiff's claims which remain after appeals from earlier orders.  Defendants seek to dismiss the appeal because no Notice of Appeal was timely filed.  As the court is advised that the appeal has not been docketed, the court concludes that the Motions are properly before the trial court.

{3}    The court and the Parties have utilized the Business Court's electronic filing system throughout this case.  The Parties agree in their written submissions that the Order and Opinion from which Plaintiff appeals was filed and served on January 10, 2014 when it was electronically filed by the court, and that any notice of appeal from that Order and Opinion had to be filed by February 10, 2014.[1] Plaintiff electronically filed a Notice of Appeal that was received and docketed by the court's electronic filing system on February 10, 2014 at 7:37 p.m.  The issue is whether this Notice of Appeal filed after the close of the court's regular business day was timely.

{4}    General Rule of Practice and Procedure for the North Carolina Business Court ("Business Court Rule(s)") 6.13 provides a mechanism where the court's normal business day can be extended when technical issues with the electronic filing system prevent a filing before the close of the court's regular business day at 5:00 p.m.  However, the filing party must comply with the procedure specified by that Rule to receive such an extension.  Plaintiff contends he complied with that procedure.  Defendants contend he did not, so the Notice of

---

[1] The Parties have consistently used the court's electronic filing system in this case.  Their agreement on these dates reflects their understanding that the date of electronic filing is the relevant date for timing of both the court's orders and the Parties' filings.  This is consistent with Business Court Rule 6.11, which provides that the court's electronic filing constitutes entry of judgment and the Notice of Entry sent to the Parties after the court's electronic filing constitutes service pursuant to Civil Procedure Rule 58.  The court acknowledges that a different issue, which it need not decide in light of the Parties' agreement, might arise if the appealing Party insisted that the court's judgment could not be deemed to have been entered until it was actually entered and docketed in written form by the Clerk of Superior Court.

Appeal is untimely, and because the appeal has not yet been docketed this court should dismiss the appeal.

{5}     Appellate Rule 3 provides the time within which a Notice of Appeal must be filed.  The North Carolina appellate courts have held that compliance with that rule is jurisdictional, such that failure to file a notice of appeal within the time prescribed by Appellate Rule 3 requires dismissal of an appeal.  *E.g.*, *In re Harts*, 191 N.C. App. 807, 809–10, 664 S.E.2d 411, 413 (2008); *see also Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197–98, 657 S.E.2d 361, 365 (2008).

{6}     In light of the court's conclusion, for the reasons stated below, that Plaintiff did not comply with the procedures of Business Court Rule 6.13, the court need not further decide whether the extension allowed by Business Court Rule 6.13 is effective to extend periods required by Appellate Rule 3(c).  Because Plaintiff did not comply with Business Court Rule 6.13, his Notice of Appeal was not timely and the court must dismiss the appeal.

## II.     ANALYSIS

{7}     Parties may make electronic filings through the Business Court's electronic filing system at any time of the day or night.  However, under Business Court Rule 6.7 the court's normal business hours are considered to end at 5:00 p.m. Monday through Friday, so an electronic filing must be made before 5:00 p.m. to be considered to have been filed that business day.  Business Court Rule 6.13 provides that the time for filing can be extended if technical difficulties prevent a timely filing, but to receive this protection the filing party must comply with the Rule.  The court's experience is that parties experiencing technical difficulties in electronic filing typically provide the court and opposing parties notice of such difficulties as they occur, but Business Court Rule 6.13 does not expressly require this notice. That Rule does require that parties avoid attempting last-minute filings and then relying on technical difficulties to excuse an unsuccessful filing. It does so by

expressly requiring that the party have started attempting to file electronically early enough so that the attempted filing was unsuccessful at least twice, separated by at least one hour between noon and the end of the normal business day at 5:00 p.m.

{8}     Plaintiff successfully electronically filed his Notice of Appeal shortly after 7:30 p.m. on February 10, 2014.  A Notice of Electronic Filing was issued by the court's electronic filing system at 7:37 p.m.  The next morning, Defendants filed their initial Motion to Dismiss Appeal on the basis that the Notice of Appeal was filed after the court's normal business day and must be deemed to have been filed on February 11, 2014.  Plaintiff then filed a second Notice of Appeal on February 11, 2014 accompanied by a declaration under Business Court Rule 6.13 attesting to technical difficulties Plaintiff's counsel encountered when attempting to electronically file the first Notice of Appeal.  This declaration indicated that Plaintiff's counsel first began his electronic filing efforts at approximately 4:30 p.m. on February 10, 2014.  Defendants then on February 17, 2014 filed a second Motion to Dismiss Appeal attacking the second Notice of Appeal.  The Motions have been fully briefed and are ripe for disposition.[2]

A.  Appellate Rule 25 Requires the Trial Court to Determine Whether a Notice of Appeal Was Timely Filed Until the Appeal Is Docketed with an Appellate Court

{9}     The court first determines whether, before an appeal is docketed, a trial court retains jurisdiction to determine if a Notice of Appeal was timely filed. Defendants contend that Appellate Rule 25 grants the trial court that power.

{10}    Appellate Rule 25 permits the trial court, upon motion of a party and before filing of the appeal with the appellate court, to dismiss an appeal if the appellant, "after giving notice of appeal[,] . . . fails to take any action required to present the appeal for decision" within the times set by the Appellate Rules.  N.C.

---

[2] In its discretion, the court has not held a hearing on these Motions and decides them on the papers. *See* BCR 15.4 (2006) (motions may be decided without oral argument unless ordered by the court).

R. App. P. 25(a).  Decisions of the North Carolina Court of Appeals indicate that "filing of an appeal in an appellate court" means docketing of the appeal, which occurs when the appellant files the record on appeal with the clerk of the appellate court and pays the docket fee or proceeds *in forma pauperis*.  *See* N.C. R. App. P. 12(a)–(b); *Whitfield v. Todd*, 116 N.C. App. 335, 337, 447 S.E.2d 796, 798 (1994) (holding trial court's order dismissing appeal was void because it was entered after the appeal was docketed).  Appellate Rule 25 has been interpreted to grant a trial court authority to determine whether a Notice of Appeal was itself timely filed, and it "allows the trial court to dismiss an appeal if the appellant failed to give notice of appeal within the time allowed by" Appellate Rule 3.  *Landingham Plumbing and Heating of N.C., Inc. v. Funnell*, 102 N.C. App. 814, 815, 403 S.E.2d 604, 605–06 (1991) (reversing trial court dismissal of appeal for error of law in determining notice of appeal's timeliness); *see also Farm Credit Bank of Columbia v. Edwards*, 121 N.C. App. 72, 75, 464 S.E.2d 305, 306–07 (1995) (affirming trial court dismissal of appeal where trial court concluded notice of appeal filed by counsel was void because it was unauthorized and repudiated by administrator of estate); *Saieed v. Bradshaw*, 110 N.C. App. 855, 861, 431 S.E.2d 233, 236 (1993) (affirming trial court dismissal of appeal for untimely filed notice of appeal); *cf. Whitfield*, 116 N.C. App. at 337, 447 S.E.2d at 798 (holding motion to dismiss appeal filed in trial court was proper, but trial court's order issued after record on appeal was docketed was void).  This court has followed this authority and dismissed an appeal for late filing of a notice of appeal.  *See Blitz v. Xpress Image, Inc.*, 2007 NCBC LEXIS 9, at *6–*15 (N.C. Super. Ct. Apr. 13, 2007) (dismissing appeal for failure to file timely notice of appeal).

{11}    The court acknowledges potential tension between these cases construing Appellate Rule 25 and a separate line of cases which recognize a "longstanding general rule that an appeal removes a case from the jurisdiction of the trial court and, pending the appeal, the trial judge is *functus officio*."  *Bowen v. Hodge Motor Co.*, 292 N.C. 633, 635, 234 S.E.2d 748, 749 (1977).  These cases hold that generally, after notice of an appeal is given, "the trial [court] retains

jurisdiction over the" case only "(1) during the session in which the judgment appealed from was rendered[,] . . . (2) for the purpose of settling the case on appeal[,]" or (3) to determine, "after notice and on proper showing, [that] the appeal has been abandoned[.]" *Id.* at 635–36, 234 S.E.2d at 749 (citing *Am. Floor Machine Co. v. Dixon*, 260 N.C. 732, 735–36, 133 S.E.2d 659, 662 (1963)) (quotation marks omitted).[3] Moreover, perfection of an appeal "stays all further proceedings in the [trial] court" concerning "the judgment appealed from" and other related matters. N.C. Gen. Stat. § 1-294 (2013). Although "an appeal is not perfected until it is actually docketed in the appellate division, a proper perfection relates back to the time of the giving of the notice of appeal, rendering any later orders or proceedings upon the judgment appealed from void for want of jurisdiction." *Swilling v. Swilling*, 329 N.C. 219, 225, 404 S.E.2d 837, 841 (1991) (citing *Lowder v. All Star Mills, Inc.*, 301 N.C. 561, 581, 273 S.E.2d 247, 259 (1981)); *see also Roberts v. Century Contractors, Inc.*, 162 N.C. App. 688, 695, 592 S.E.2d 215, 220 (2004).

{12}     Appellate Rule 25 is a "further codifi[cation]" of the trial court's common-law authority to dismiss "abandoned" appeals. *Whitfield*, 116 N.C. App. at 337, 447 S.E.2d at 798. Construing Appellate Rule 25 and these various cases together, the court concludes that when an appeal has not yet been docketed with the appellate court, the trial court retains jurisdiction over the case and may determine whether a Notice of Appeal was timely filed. Plaintiff has not docketed this appeal with the Court of Appeals. Accordingly, Defendants' Motions are properly before the court.[4]

---

[3] In limited circumstances, the trial court may retain jurisdiction over a case after notice of appeal is given from an interlocutory order that is not immediately appealable. *See RPR & Assocs. v. Univ. of N.C.-Chapel Hill*, 153 N.C. App. 342, 347–48, 570 S.E.2d 510, 514 (2002). The order appealed from here is a final summary judgment resolving all remaining claims, so Defendants' Motions do not implicate this exception.

[4] The court further notes that Plaintiff has not filed with the court any "written documentation" of a contract for transcription of the proceedings as required by Appellate Rule 7(a)(1).

B. Plaintiff's Notice of Appeal was Untimely Filed and the Appeal Must be Dismissed

{13}    Generally, the North Carolina trial courts do not have electronic filing, so under the Rules of Civil Procedure or Appellate Rules the time of filing of a court's entry of judgment or a party's Notice of Appeal is measured by the date and time at which that filing is docketed by the Clerk of Superior Court.  Rule of Civil Procedure 58 and Appellate Rule 3 refer to such filings with the Clerk of Superior Court.

{14}    The Business Court Rules provide that an electronically filed order or judgment may be effective before it is later filed as a written document with the Clerk of Court.  *See* BCR 6.11, 8.1.  Here, the Parties have agreed in their written submissions that under these Rules judgment was entered by the court and served upon them on January 10, 2014 when the court electronically filed its Order and Opinion and the electronic filing system issued a Notice of Entry, and that Plaintiff had until February 10, 2014 to file and serve any Notice of Appeal.  Plaintiff's Notice of Appeal states that Plaintiff appeals from the court's Order "dated 10 January 2014, granting the Defendants' motion for summary judgment."  Similarly, both Defendants' and Plaintiff's briefs on the Motions to Dismiss Appeal acknowledge that Plaintiff's Notice of Appeal was due by February 10, 2014.  (Defs.' Mem. Supp. Mot. Dismiss Appeal 2–3 (noting Order and Opinion granting summary judgment was entered and served January 10, 2014); Pl.'s Resp. to Defs.' Mot. Dismiss Appeal 1 ("All parties are in agreement that the Notice of Appeal was due not later than February 10, 2014.").)[5]

---

[5] Measuring the time of filing by electronic filing rather than the later filing of the written paper with the Clerk of Superior Court falls squarely within the spirit of Civil Procedure Rule 58, the purpose of which is "to make the time of entry of judgment easily identifiable, and to give fair notice to all parties that judgment has been entered." *Huebner v. Triangle Res. Collaborative*, 193 N.C. App. 420, 423, 667 S.E.2d 309, 311 (2008).  That consistency is further acknowledged by Rules 9.2 and 9.3 of the Supplemental Rules of Practice and Procedure for the North Carolina eFiling Pilot Project, which govern electronic filing in Alamance, Chowan, Davidson, and Wake Counties.  Those rules, promulgated by the North Carolina Supreme Court, expressly provide that electronic filing constitutes entry and effective service under Civil Procedure Rule 58 of an order or judgment.

{15}     The Business Court Rules supplement the Civil Procedure Rules.  *See* BCR 1.5 (stating that Business Court Rules should be interpreted to harmonize with and supplement the Civil Procedure Rules).  Business Court Rule 6 governs use of the court's electronic filing system.  While electronic filing is only mandatory if ordered by a Case Management Order, electronic filing of papers by parties' agreement is encouraged.   The Parties here have utilized electronic filing throughout the case.

{16}     Business Court Rule 6.4 provides that "filing of a paper" with the court for purposes of the North Carolina General Statutes, Rules of Civil Procedure, and Business Court Rules occurs when a Party electronically transmits the document to be filed to the electronic filing system and the filing system issues a Notice of Electronic Filing.  The filing system automatically issues this Notice via e-mail to the court and all counsel registered for electronic filing on a case when a paper is successfully filed.  The Notice of Electronic Filing is received by the filing party, and as such provides a clear documentation that the filing has been successful.  Conversely, failure to receive a Notice of Electronic Filing clearly indicates that problems likely have occurred with an electronic filing.  To promote clarity, Business Court Rule 6.4 unambiguously states that an electronic filing is complete *only upon receipt* of the Notice of Electronic Filing.  Business Court Rule 6.6 provides that when a paper has been filed electronically, "the official information of record is the electronic recording of the information as stored on the Court's file server and the filing date and time is deemed to be the date and time recorded on the Court's file server for transmission on the Notice of Electronic Filing, which date and time is stated in the body of such Notice."  The Notice of Electronic Filing is sent electronically to all counsel who have registered for use of the electronic filing system, and no party other than the filing party has a basis to know of any filing until the Notice of Electronic Filing is issued by the court's electronic filing system.  Business Court Rule 6.14 states clearly that "[i]f a Notice of Electronic Filing is not received from the Court in response to a transmission of information for filing, the information will not be deemed filed."

{17}    There is no indication that Plaintiff received a Notice of Electronic Filing for his Notice of Appeal on or before 5:00 p.m. on February 10, 2014.  Rather, the record documents that the Notice of Electronic Filing was issued at 7:37 p.m.  Electronic filings begun after the end of the business day (5:00 p.m.) are deemed to have been filed the next business day under Business Court Rule 6.7.  Business Court Rules 6.13 and 6.15 provide limited protective procedures for electronic filings where efforts to file began during the normal business day but could not be completed by the normal close of business on that day due to technical difficulties.  In such an instance, Business Court Rule 6.13 permits acceptance of a filing after the close of the business day, but the rule requires that the delayed filing be "accompanied by a declaration or affidavit attesting to the filing person's failed attempts to file electronically *at least two times* after 12:00 noon *separated by at least one hour* on each day of delay due to such technical failure."  Read together, Business Court Rules 6.7 and 6.13 require that a late filing may be accepted because of technical failures with the electronic filing system *only if* a party first began attempting to file on or before 4:00 p.m., one hour before the end of the court's normal business day.

{18}    Neither the court's systems nor records produced by the Parties indicate that the court or opposing Parties were notified of any technical difficulties related to Plaintiff's filing before the Notice of Electronic Filing for Plaintiff's first Notice of Appeal was issued at 7:37 p.m. on February 10, 2014.  Plaintiff's counsel does not contend that he succeeded in electronically filing his Notice of Appeal before 7:37 p.m.

{19}    Plaintiff's counsel's declaration demonstrates on its face that Plaintiff did not comply with Business Court Rule 6.13.[6]  Plaintiff's counsel's declaration acknowledges that he first began attempting to file the first Notice of Appeal at

[6] On February 10, 2014, the court was not aware of any technical difficulties with the electronic filing system.  There were Notices of Electronic Filing issued in other cases during the times Plaintiff's counsel indicates he had technical difficulties.  It would not, however, be unusual that a party in one case might have technical difficulties at the same time a party in another case was able to make a successful electronic filing.

"approximately 4:30 p.m. on" February 10, 2014. This declaration demonstrates that there were not at least two failed attempts to file after 12:00 noon separated by at least one hour before the end of the court's normal business day. Thus, Plaintiffs' counsel did not comply with the safe harbor provided by Business Court Rule 6.13, and both Notices of Appeal were not filed until February 11, 2014.

{20} The court has ruled upon the issue as agreed to by the Parties—was the electronically filed Notice of Appeal timely. If the court's judgment was deemed entered when electronically filed on January 10, 2014, as the Business Court Rules provide, neither Plaintiff's electronic filing of the Notice of Appeal nor his later filing of the Notice of Appeal in written form with the Clerk of Superior Court on February 18, 2014 was timely. Plaintiff's Notice of Appeal is timely only if the court's judgment is deemed not to have been entered until it was docketed in written form by the Clerk of Superior Court on January 21, 2014. This would, of course, mean that Plaintiff attempted to appeal before judgment was entered and would be inconsistent with the Parties' written filings which indicate agreement that judgment was entered and served on January 10, 2014 and any Notice of Appeal had to be filed by February 10, 2014.

{21} The North Carolina appellate courts may elect to hear an appeal even where some requirements of Appellate Rule 3 were not strictly met. *See, e.g.,* *Dogwood Dev. & Mgmt. Co.,* 362 N.C. at 197–201, 657 S.E.2d at 364–67 (distinguishing between jurisdictional and non-jurisdictional violations of Appellate Rules); *Stephenson v. Bartlett*, 177 N.C. App. 239, 241–42, 628 S.E.2d 442, 443–44 (2006) (collecting cases and holding failure to comply with Appellate Rule 3(d) did not divest Court of Appeals of jurisdiction to hear appeal). However, the authority to excuse compliance with Appellate Rule 3 rests solely with the appellate courts. Appellate decisions make clear that Appellate Rule 3's time requirements are to be strictly construed so that there is here a fatal jurisdictional failure which requires dismissal of the appeal.

## III. CONCLUSION

{22}   Applying the jurisdictional requirement strictly as it understands that it must, the court finds that Plaintiff's Notice of Appeal was not timely and the appeal must be dismissed.  The court finds that Plaintiff did not file its Notice of Appeal with the court within the time prescribed by Appellate Rule 3.  The court GRANTS Defendants' Motions and Plaintiff's appeal from the court's January 10, 2014 Order and Opinion granting summary judgment is HEREBY DISMISSED.

IT IS SO ORDERED this 30th day of April, 2014.