McMillan v. Unique Places, LLC, 2015 NCBC 46.

STATE OF NORTH CAROLINA

CATAWBA COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 2179

GEORGE "ERIK" McMILLAN, ENIGMA
UNIVERSAL TECHNOLOGIES, LLC
d/b/a ENIGMA LED, and KISA
McMILLAN,

                Plaintiffs,

v.

UNIQUE PLACES, LLC, JOSH HAWN,
JEFFREY SCOTT, JEFF FISHER, UP
PROPERTY 1, LLC, ANN SHY, and
WARREN HENRY HUNTSMAN,

                Defendants.

ORDER AND OPINION ON
DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' APPEAL AND MOTION
TO DISJOIN PLAINTIFF ENIGMA
UNIVERSAL TECHNOLOGIES, LLC
AND/OR REMOVE COUNSEL

{1}    **THIS MATTER** is before the Court upon Defendants Unique Places, LLC, Jeffrey Scott, Jeff Fisher ("Mr. Fisher"), and UP Property 1, LLC's (collectively, the "Moving Defendants") Motion to Dismiss Plaintiffs' Appeal ("Motion to Dismiss Appeal") and Motion to Disjoin Plaintiff Enigma Universal Technologies, LLC ("Enigma") and/or Remove Counsel ("Motion to Disjoin") (collectively, the "Motions") in the above-captioned case.

{2}    Upon review of the parties' briefs in support of and in opposition to the Motions and the relevant evidence of record,[1] the Court hereby **GRANTS** the Moving Defendants' Motion to Dismiss Appeal and **DEFERS** consideration and resolution of the Moving Defendants' Motion to Disjoin to a properly-selected arbitrator in arbitration.

> *Law Offices of Matthew K. Rogers, PLLC, by Matthew K. Rogers, for Plaintiffs.*
>
> *Patrick, Harper & Dixon, LLP, by Michael J. Barnett, for Defendants Unique Places, LLC, Jeffrey Scott, Jeff Fisher, and UP Property 1, LLC.*

---

[1] In its discretion and at the request of Moving Defendants, the Court elects not to hold a hearing on the Motions. *See* BCR 15.4 (motions may be decided without oral argument unless ordered by the Court).

*York Williams, LLP, by Gregory C. York, for Defendants Unique Places, LLC, Jeffrey Scott, Jeff Fisher, and UP Property 1, LLC.*

Bledsoe, Judge.

I.

BACKGROUND FACTS

{3}      On January 13, 2015, the Court entered an Order and Opinion granting the Moving Defendants' Motions to Stay Proceedings and Compel Arbitration ("Order to Stay and Compel Arbitration").

{4}      On January 14, 2015, the Court entered an Amended Order and Opinion to the same effect ("Amended Order to Stay and Compel Arbitration").

{5}      The factual and procedural background of this case is recited in detail in the Amended Order to Stay and Compel Arbitration. *See McMillan v. Unique Places, LLC*, 2015 NCBC 4 (N.C. Super. Ct. Jan. 14, 2015), www.ncbusinesscourt.net/opinions/2015_NCBC_4.pdf.

{6}      On February 12, 2015, Plaintiffs George "Erik" McMillan ("Mr. McMillan") and Kisa McMillan (collectively, the "McMillan Plaintiffs") electronically filed in this Court through the Court's e-filing system a Notice of Appeal of the Order to Stay and Compel Arbitration and Amended Order to Stay and Compel Arbitration.  A notice of electronic filing was issued.

{7}      On February 17, 2015, thirty-four (34) days after the Court entered its Amended Order to Stay and Compel Arbitration, the McMillan Plaintiffs filed their Notice of Appeal with the Catawba County Clerk of Superior Court ("Notice of Appeal").  (Moving Defs.' Mot. Dismiss Appeal ¶ 4; Moving Defs.' Br. Supp. Mot. Dismiss Appeal, p. 1.)

{8}      On March 6, 2015, the Moving Defendants filed the Motions.  The Motions have been fully briefed and are ripe for resolution.

II.

MOTION TO DISMISS APPEAL

{9}     The Moving Defendants contend in their Motion to Dismiss Appeal that the McMillan Plaintiffs' Notice of Appeal should be dismissed for failure to comply with the thirty-day filing requirement of Rule 3 of the North Carolina Rules of Appellate Procedure ("Appellate Rule 3") and because the McMillan Plaintiffs failed to timely respond or object to the Moving Defendants' Motion to Dismiss Appeal.[2]

{10}    Appellate Rule 3 provides:

(a)  *Filing the Notice of Appeal.*  Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subsection (c) of this rule.

. . .

(c)  *Time for Taking Appeal.*  In civil actions and special proceedings, a party must file and serve a notice of appeal:

1)  within thirty days after entry of judgment if the party has been served with a copy of the judgment within the three day period prescribed by Rule 58 of the Rules of Civil Procedure . . . .

{11}    As an initial matter, where, as here, "an appeal has not yet been docketed with the appellate court, the trial court retains jurisdiction over the case and may determine whether a Notice of Appeal was timely filed." *Carter v. Clements Walker PLLC*, 2014 NCBC 12 ¶ 12 (N.C. Super. Ct. Apr. 30, 2014), http://www.ncbusinesscourt.net/opinions/2014_NCBC_12.pdf (construing Rule 25 of the North Carolina Rules of Appellate Procedure and relevant case law).

---

[2] The McMillan Plaintiffs have not filed a response brief or any other form of opposition to the Moving Defendants' Motion to Dismiss Appeal.  Business Court Rule 15.11 provides that when "a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Because the McMillan Plaintiffs have not filed a response within the time required by BCR 15.11, the Court considers and decides the Moving Defendants' Motion to Dismiss Appeal as uncontested.

{12}     It appears undisputed that the McMillan Plaintiffs did not file their Notice of Appeal with the Catawba County Clerk of Superior Court until thirty-four (34) days after the Court entered the Amended Order to Stay and Compel Arbitration.  (Moving Defs.' Br. Supp. Mot. Dismiss Appeal, p. 1.)  As a result, the McMillan Plaintiffs failed to comply with the strict requirements of Appellate Rule 3, a failure which this Court lacks the authority to excuse.  *See, e.g., Carter*, 2014 NCBC 12 ¶ 21 ("[T]he authority to excuse compliance with Appellate Rule 3 rests solely with the appellate courts.  Appellate decisions make clear that Appellate Rule 3's time requirements are to be strictly construed . . . .").

{13}     Consequently, the McMillan Plaintiffs' appeal contains "a fatal jurisdictional failure which requires dismissal of the appeal."  *Id.* at ¶ 21 (dismissing appeal for failure to comply with the time requirements of Appellate Rule 3); *see, e.g.*, *Saieed v. Bradshaw*, 110 N.C. App. 855, 861, 431 S.E.2d 233, 236 (1993) (affirming trial court's dismissal of appeals taken more than thirty days after entry of judgment); *Ehrenhaus v. Baker*, 2014 NCBC 30 ¶ 8 (N.C. Super. Ct. July 16, 2014), http://www.ncbusinesscourt.net/opinions/2014_NCBC_30.pdf ("A party appealing an order must file a notice of appeal with the clerk of superior court . . . within the time prescribed by [Appellate Rule 3(c)].") (quotations and citation omitted) (alteration in original); *Blitz v. Xpress Image, Inc.*, 2007 NCBC 9 ¶¶ 34–35 (N.C. Super. Ct. Apr. 13, 2007), http://www.ncbusinesscourt.net/opinions/2007%20NCBC%209.pdf (dismissing appeal for failing to timely file notice of appeal within 30-day time period under Appellate Rule 3).  The Court therefore concludes that the Moving Defendants' Motion to Dismiss the Appeal should be granted based on the McMillan Plaintiffs' failure to comply with Appellate Rule 3.

III.

MOTION TO DISJOIN

{14}     In their Motion to Disjoin, the Moving Defendants contend that Enigma is not a proper party plaintiff and that attorney Matthew K. Rogers ("Mr. Rogers") should be removed as Enigma's counsel because the McMillan Plaintiffs did not

have the authority to file this action on behalf of Enigma or to retain Mr. Rogers.[3] The Moving Defendants argue in particular that (i) under Enigma's Amended and Restated Operating Agreement (the "Operating Agreement"), Mr. Fisher was the sole Manager of Enigma authorized to bring an action or retain counsel for Enigma, (Mot. to Disjoin, ¶¶ 2–3), and (ii) in any event, the McMillan Plaintiffs did not own the requisite majority interest in Enigma required under the Operating Agreement to bring this action or retain Mr. Rogers on Enigma's behalf. (Mot. to Disjoin, ¶ 4.)

{15} The McMillan Plaintiffs argue in response that Enigma is identified only as a nominal party plaintiff in this lawsuit and that Mr. Rogers represents Enigma solely through the assertion of Mr. McMillan's derivative claims on behalf of the company. The McMillan Plaintiffs further contend that Mr. Rogers's disqualification or removal as their counsel would cause them unfair prejudice and unnecessarily increase their costs and attorney's fees. (*See* Pls.' Resp. Opp. Mot. Disjoin, pp. 7–8, 10.)

{16} Before the merits may be addressed, the Motion to Disjoin first requires the Court to decide, in light of the January 14, 2015 Amended Order to Stay and Compel Arbitration, whether the Motion to Disjoin is properly decided by this Court or by an arbitrator. It is the Court's understanding that an arbitration proceeding has not yet been filed, an arbitrator has not yet been appointed, and an arbitrator is not otherwise authorized and able to act at this time.

{17} The Moving Defendants contend that N.C. Gen. Stat. § 1-569.8(a) permits the Court to consider the Motion to Disjoin because they seek "provisional remedies" – dismissal of a party and/or removal of counsel – that will protect the effectiveness of the arbitration proceeding. The relevant statutory provision provides as follows:

> Before an arbitrator is appointed and is authorized and able to act, the court, upon motion of a party to an arbitration proceeding and for good cause shown, may enter an order for *provisional remedies* to protect the effectiveness of the arbitration proceeding to the same extent and

---

[3] The Moving Defendants request the "removal" of Mr. Rogers as counsel for Enigma, but specifically not his "disqualification." (Defs.' Reply Supp. Mot. Disjoin, pp. 4–5.) Regardless of the terminology chosen, the Moving Defendants seek to have the Court order that Mr. Rogers no longer represent Enigma in this action.

under the same conditions as if the controversy were the subject of a civil action.

N.C. Gen. Stat. § 1-569.8(a) (2014) (emphasis added).

{18}   The Court's research has not revealed a North Carolina decision addressing whether dismissal of a party or disqualification of an attorney is a provisional remedy for purposes of N.C. Gen. Stat. § 1-569.8(a).   The Delaware Chancery Court, however – a court this Court frequently finds to be persuasive authority on various issues of business and corporate law – addressed whether dismissal of a party's claims or defenses and disqualification of an attorney are "provisional remedies," as that term was used in an arbitration agreement, in *SOC-SMG, Inc. v. Day & Zimmerman, Inc.,* 2010 Del. Ch. LEXIS 195 (Del. Ch. 2010). The specific arbitration provision at issue in *SOC-SMG* provided that notwithstanding the agreement to arbitrate, the agreement "shall not preclude the Parties from seeking *provisional remedies in aid of arbitration from a court of appropriate jurisdiction.*"   *Id.* at *16, fn. 24 (emphasis in original).   The Court finds that the context in which the term "provisional remedies" is used in the arbitration agreement in *SOC-SMG* is very similar to the context in which the term "provisional remedies" is used in N.C. Gen. Stat. § 1-569.8(a), which provides that the court "may enter an order for provisional remedies to protect the effectiveness of the arbitration proceeding."   As a result, the Court finds it appropriate to consider the Delaware Chancery Court's analysis of "provisional remedies" in *SOC-SMG* in resolving the current Motion to Disjoin.

{19}   In *SOC-SMG*, the Delaware Chancery Court persuasively observed that:

[A] motion to disqualify counsel can hardly be characterized as a provisional remedy . . . . A [provisional] remedy provide[s] for [a] present need for *the immediate occasion;* one adapted to meet a *particular exigency.*   Particularly, [it is] a *temporary* process available to a plaintiff in a civil action, which secures him against loss, *irreparable injury, dissipation of the property, etc., while the action is pending.*   Such include the remedies of injunction, appointment of a receiver, attachment, or arrest.

*SOC-SMG*, 2010 Del. Ch. LEXIS 195, at \*16–17, fn. 24 (emphasis in original) (citation omitted).

{20}    The Chancery Court further noted in *SOC-SMG* that entering the requested relief in that case – relief similar to that requested by the Moving Defendants here, *i.e.*, disqualifying opposing counsel and dismissing parties or claims – would, "far from protecting [plaintiff] from any irreparable injury while the action is pending or aiding the [a]rbitration, would [instead] hand [plaintiff] a victory in the [a]rbitration." *Id.* at \*17, fn. 24 (quotations omitted).  The Chancery Court thus concluded that "the relief sought . . . cannot be deemed 'provisional' in any rational sense of the word." *Id.*

{21}    In deciding to defer the dismissal and disqualification motions to the arbitrator, the Chancery Court also convincingly observed that arbitrators are well-equipped to handle such motions and noted that "courts have refused to intervene on an interlocutory basis to either first-or second-guess those rulings." *Id.* at \*8, fn. 13 (citing *In the Matter of the Arbitration Between Routien and Raymond James Financial Services, Inc.*, 2004 NASD Arb. LEXIS 966 (May 4, 2004) (arbitrator deciding disqualification motion); *In the Matter of the Arbitration Between Sharp and The Thornwater Company L.P.*, 2003 NASD Arb. LEXIS 1907 (Oct. 27, 2003) (same); *Wurttembergische Fire Ins. Co. v. Republic Ins. Co*, 1986 U.S. Dist Lexis 23032, \*1 (S.D.N.Y. Jul. 9, 1986) (declining to issue an injunction disqualifying counsel in a pending arbitration on the grounds that were the court to do so, it "would interfere directly in a pending arbitration, to which [the parties] agreed by contract. That interference would . . . bring[] the arbitration to a dead stop."); *Canaan Venture Partners, L.P. v. Salzman*, 1996 Conn. Super. LEXIS 245, \*7 (Conn. Super. Jan. 28, 1996) (dismissing motion to disqualify counsel in pending arbitration because "court will not interfere with and interrupt the process of arbitration . . . . [A]ttorney disqualification is not within the scope of the [narrow public policy exception] . . . .")). *See also, Cook v. Chocolate Co. v. Salomon Inc.*, No. 87 CIV. 5705 (RWS) (S.D.N.Y. Oct. 28, 1988) (declining to review decision by arbitration panel denying request to disqualify defendant's attorney).

{22}    Similarly, a federal magistrate judge in Hawaii considered whether attorney disqualification is a "provisional remedy" under Hawaii's Uniform Arbitration Act in *Warne Keahi Young v. County of Haw.*, 2012 U.S. Dist. LEXIS 84565, at *27–28 (D. Haw. Apr. 3, 2012).  There, the federal magistrate judge relied upon Black's Law Dictionary, noting that "'provisional remedy' [is defined] as, '[a] temporary remedy awarded before judgment and pending the action's disposition, such as a temporary restraining order, a preliminary injunction, a prejudgment receivership, or an attachment.  Such a remedy is intended to maintain the status quo by protecting a person's safety or preserving property.'"  *Id.* at *27–28 (quoting Black's Law Dictionary 1408 (9th ed. 2009)).  Based on this authority, the federal magistrate judge determined that provisional remedies under the Hawaii arbitration statute are thus limited to those "intended to maintain the status quo and prevent irreparable harm only until an arbitration proceeding could be concluded."  *Id.* at *28 (citations omitted).  Evaluating the requested relief under this standard, the federal magistrate judge in Hawaii concluded that attorney disqualification was not a provisional remedy because it changed, rather than maintained, the status quo.  *See id.* at *28–29 ("it does not appear that the drafters of the Uniform Arbitration Act intended to include disqualification of counsel as a 'provisional remedy,' as other jurisdictions defining this term have interpreted 'provisional remedy' to mean a remedy that is temporary and intended to maintain the status quo.").

{23}    Courts from around the country have engaged in a similar analysis in determining whether a party's requested relief constitutes a provisional remedy that may be properly entered pending arbitration.  *Id.* at *28 (citing *Salvucci v. Sheehan*, 212 N.E.2d 243 (Mass. 1965) (finding temporary restraining order a provisional remedy)); *Bancamerica Commercial Corp. v. Brown*, 806 P.2d 897 (Ariz. Ct. App. 1990) (attachment same); *Lambert v. Super. Ct.*, 279 Cal. Rptr. 32 (Cal. Ct. App. 1991) (mechanic's lien same); *Hughley v. Rocky Mountain Health Maint. Org.*, 927 P.2d 1325, 1331–32 (Colo. 1996) (finding preliminary injunction necessary to "ensure that the promise of arbitration is not hollow and that if successful, an

award by the arbitrator is not an empty victory because conditions permitting a remedy have changed")).

{24}    Applying these considerations here, the Court concludes that neither dismissal of Enigma nor disqualification or removal of Mr. Rogers is a "provisional remedy" for purposes of N.C. Gen. Stat. § 1-569.8(a).  To the contrary, both remedies would plainly alter the status quo between the parties, and the Moving Defendants have not shown that either measure is necessary here to avoid irreparable harm before an arbitrator can act.  The Court believes that the arbitrator that will handle the arbitration proceeding between these parties should be well-positioned to consider the issues of Enigma's dismissal and Mr. Rogers' disqualification or removal as counsel for Enigma, and the Moving Defendants have not suggested that an arbitrator cannot competently or timely resolve either of the current Motions.  Indeed, particularly in light of the strong North Carolina public policy favoring arbitration, the Court is of the same view as the Delaware Chancery Court in *SOC-SMG* – that judicial resolution of these Motions "would show disrespect toward the [a]rbitration [proceeding], which has the broad authority to decide these issues in the first instance, and would be contrary to our state's – and our nation's – strong public policy favoring arbitration."  *SOC-SMG*, 2010 Del. Ch. LEXIS 195, at *13; *see, e.g., Westmoreland v. High Point Healthcare Inc.*, 218 N.C. App. 76, 79, 721 S.E.2d 712, 716 (2012) ("North Carolina has a strong public policy favoring arbitration.").  When also considering our appellate courts' directive that trial courts should "take a hands-off attitude during the arbitration proceeding," *Henderson v. Herman*, 104 N.C. App. 482, 486, 409 S.E.2d 739, 741 (1991), the Court concludes that it should defer consideration and resolution of the issues raised in the Motion to Disjoin to a properly-selected arbitrator in arbitration.

IV.

CONCLUSION

{25}    **WHEREFORE**, the Court hereby **GRANTS** the Moving Defendants' Motion to Dismiss Appeal and **DEFERS** consideration and resolution of the Moving Defendants' Motion to Disjoin to a properly-selected arbitrator in arbitration.


**SO ORDERED**, this the 7th day of May, 2015.


/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases